**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRICK CAMPBELL,

        Petitioner,

v.

                                      CASE NO. 2:07-CV-14607
                                      HONORABLE GERALD E. ROSEN
                                      UNITED STATES DISTRICT COURT

BRUCE CURTIS,

        Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO TRANSFER CASE**
**TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AND**
**ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5**
**MATERIALS WITHIN SIXTY DAYS OF THE COURT'S ORDER**

Petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, in which he challenged his criminal conviction for delivery of less than

fifty grams of cocaine and being a fourth felony habitual offender. Before the Court is

respondent's motion to transfer the petition to the United States Court of Appeals for the

Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). For the reasons stated below, the

motion to transfer shall be denied. The Court will further order respondent to file an

answer to the petition for writ of habeas corpus and the Rule 5 materials within sixty

days of the Court's order.

Respondent has moved for the Court to transfer the petition for writ of habeas

corpus to the Sixth Circuit for authorization to file a successive habeas petition, because

petitioner has previously filed a habeas petition which challenged this conviction. The

petition for writ of habeas corpus was denied. *See Campbell v. Crowley,* U.S.D.C. No.

1

00-CV-72958 (E.D. Mich. July 30, 2002); *aff'd sub nom Campbell v. Berghuis,* 79 Fed. Appx. 126 (6th Cir. 2003).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999); *Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *See In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

The Court will deny respondent's motion to transfer, because respondent ignores the fact that petitioner previously filed a motion in the Sixth Circuit for authorization to file a second habeas petition. On October 23, 2007, the Sixth Circuit granted petitioner permission to file a second habeas petition challenging his conviction, at least with respect to his prosecutorial misconduct claim. *See In Re Campbell,* U.S.C.A. No. 07-1126 (6th Cir. October 23, 2007). [1] Once a panel of the Court of Appeals grants or

---

[1] This Court's Dkt. # 4; Moreover, petitioner attached a copy of the Sixth Circuit's order to his application for habeas relief.[See Dkt. # 17].

denies a habeas petitioner permission to file second or successive habeas petition in district court, the AEDPA prohibits any party from seeking further review of panel's decision, either from the original panel or from the en banc court. *See In Re King,* 190 F. 3d 479, 480 (6th Cir. 1999). Because petitioner has already obtained permission from the Sixth Circuit to file this petition, it is uneccesary to transfer the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b) for authorization to file a successive petition. Accordingly, the motion to transfer is denied.

The Court will further order respondent to file an answer to the petition for writ of habeas corpus within sixty days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243.

The Court also orders respondent to provide the Rule 5 materials at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

**IT IS HEREBY ORDERED** that respondent's motion to transfer the petition to the United States Sixth Circuit Court of Appeals [Dkt. Entry # 20] is **DENIED.**

**IT IS FURTHER ORDERED** that respondent file an answer and produce the entire state court record within **sixty (60) days** of the date of this order or show cause

why they are unable to comply with the order.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager