UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAMPBELL,

        Petitioner,

v.

        CASE NO. 2:07-CV-14607
        HONORABLE GERALD E. ROSEN
        UNITED STATES DISTRICT COURT

BRUCE CURTIS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.§ 2244(b)(4)

Derrick Campbell, ("petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Detroit Metro Parole Office in Detroit, Michigan, has filed his second application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his criminal conviction for delivery of less than fifty grams of cocaine, M.C.L.A. 333.7401(2)(a)(iv); and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed an answer to the petition for writ of habeas corpus. Petitioner has filed a traverse or reply to the response. Petitioner has also filed an a motion to amend the petition for writ of habeas corpus, in which he seeks to relitigate sixteen claims that he raised in his previous habeas corpus petition. For the reasons stated below, the petition for writ of habeas corpus shall be dismissed pursuant to 28 U.S.C.§ 2244(b)(4). The Court will also deny petitioner's motion to amend the habeas petition pursuant to § 2244(b)(1).

## I. Background

On April 29, 1993, petitioner was convicted by a jury in the Washtenaw County Circuit Court of the above offense. Petitioner was sentenced to sixteen to forty years in prison. Petitioner's conviction was affirmed on appeal. *People v. Campbell,* No. 167776 (Mich.Ct.App. May 7, 1996); *lv. den.* 454 Mich. 904; 562 N.W. 2d 788 (1997). Petitioner thereafter filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Campbell,* No. 92-27461-FH (Washtenaw County Circuit Court, August 10, 1998). The Michigan appellate courts subsequently denied petitioner leave to appeal. *People v. Campbell,* No. 214052 (Mich.Ct.App. April 15, 1999); *lv. den.* 461 Mich. 922; 604 N.W. 2d 680 (1999); *reconsideration den.* 461 Mich. 922; 609 N.W. 2d 188 (2000).

In 2000, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, in which he raised twenty three grounds for relief. The petition for writ of habeas corpus was denied on the merits. *See Campbell v. Crowley,* U.S.D.C. No. 00-CV-72958 (E.D. Mich. July 30, 2002)(Duggan, J.). *aff'd sub nom Campbell v. Berghuis,* 79 Fed. Appx. 126 (6th Cir. 2003).

Petitioner subsequently filed a second post-conviction motion for relief from judgment, in which he sought relief from his conviction on the ground that the main prosecution witness against him, Jimmy Lee Colsey, had purportedly signed an affidavit in 2005, in which he recanted his trial testimony against petitioner and further claimed that he had been pressured or coerced into testifying against petitioner by the prosecutor and the police. The trial court rejected petitioner's claim. *People v. Campbell,* No. 92-27461-FH (Washtenaw County Circuit Court, March 30, 2006);

*reconsideration den.* May 17, 2006. The Michigan appellate courts denied petitioner's post-conviction appeal pursuant to M.C.R. 6.502(G). *People v. Campbell,* No. 274980 (Mich.Ct.App. January 11, 2007); *lv. den.* 478 Mich. 869; 731 N.W. 2d 722 (2007). [1]

Petitioner subsequently filed a motion in the United States Court of Appeals for the Sixth Circuit for permission to file a second petition pursuant to 28 U.S.C. § 2244(b). On October 23, 2007, the Sixth Circuit granted petitioner permission to file a second habeas petition challenging his conviction with respect to his prosecutorial misconduct claim. *See In Re Campbell,* U.S.C.A. No. 07-1126 (6th Cir. October 23, 2007). The Sixth Circuit declined to grant petitioner permission to file a successive petition with respect to three other claims that he attempted to present in his second petition. *Id.*

On November 14, 2007, this Court issued an order requiring a responsive pleading from respondent. On May 5, 2008, respondent filed a motion to transfer the case to the Sixth Circuit for authorization to file a second or successive habeas petition. This Court denied the motion to transfer, because petitioner has already obtained permission from the Sixth Circuit to file this petition, making it unnecessary to transfer the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b) for authorization to file a successive petition. The Court also ordered respondent to file an answer to the petition. *See Campbell v. Curtis*, No. 2008 WL 2199688 (E.D. Mich. May 23, 2008).

On June 17, 2008, respondent filed an answer to the petition for writ of habeas

---

[1] Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798 ,800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion only if the post-conviction claim is based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.

corpus. Petitioner has now filed a traverse to the respondent's answer.

## II. Discussion

**A. Petitioner's successive habeas application is subject to dismissal pursuant to 28 U.S.C.§ 2244(b)(4), because petitioner's prosecutorial misconduct claim fails to satisfy the standard required under § 2244(b) for filing a second or successive habeas application.**

Respondent contends that petitioner's successive habeas petition should be dismissed pursuant to 28 U.S.C. § 2244(b)(4), because his prosecutorial misconduct claim fails to satisfy the requirements for filing a second or successive habeas petition. This Court agrees.

28 U.S.C. § 2244(b)(2) states:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C.§ 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive

4

post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999); *Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

In the present case, the Sixth Circuit has granted petitioner permission, pursuant to § 2244(b)(3)(A), to file his second petition, at least with respect to his prosecutorial misconduct claim. However, the Sixth Circuit Court of Appeals' order, which allowed petitioner to proceed with this second petition, was merely a determination by the Sixth Circuit that petitioner had made a prima facie showing that the application satisfied the requirements of 28 U.S.C. § 2244. See *Ferrazza,* 36 F. Supp. 2d at 973. "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004)(internal quotation omitted). Such a "'prima facie showing' ... is not a difficult standard to meet." *Id.* at 432.

28 U.S.C. § 2244(b)(4) requires a district court to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." See *In re McDonald,* 514 F. 3d 539, 543 (6th Cir. 2008). Therefore, even after a court of appeals has certified a successive motion on the basis that the movant has made a prima facie showing that the statutory standard of § 2244(b) has been satisfied, it is appropriate for a district court to dismiss the petition or motion if the merits of the successive petition or motion do not ultimately satisfy that same statutory standard under § 2244(b). See *Tyler v. Cain,* 533 U.S. 656, 661, n. 3 (2001).

Petitioner claims that the prosecutor committed misconduct by failing to correct the allegedly false testimony of James Lee Colsey, who testified at petitioner's trial that he purchased cocaine from petitioner as part of an undercover drug buy for the police. In support of his claim, petitioner has presented both to the state courts and the federal courts an alleged affidavit from Jimmie Lee Colsey, dated July 25, 2005, in which Colsey purportedly recants his trial testimony. In this affidavit, Colsey essentially claims that he purchased cocaine from Donald Carlton on the date of the drug transaction, who had been present with Colsey and petitioner at the time of the drug transaction. Colsey further claims that he did not purchase the cocaine from petitioner. Colsey claims that the police and the prosecutor forced him to testify falsely that he purchased cocaine from petitioner, in order to obtain favorable treatment on a breaking and entering charge that was pending against Colsey at the time. Colsey claims that he signed the recanting affidavit because he felt bad for not telling the truth back at the time of petitioner's arrest and subsequent trial.

Petitioner has also provided affidavits from an inmate identified only as "Byrd", with inmate # 157958, and another inmate, Jonathan Downes. Both affiants claim that Colsey informed them that he had testified falsely against petitioner while the three men were incarcerated together in prison in 2005.

The state trial court rejected petitioner's claim in his second post-conviction motion. The state trial court judge indicated that petitioner had not met his burden of proof for obtaining a new trial, "because the 'evidence' is entirely unconvincing." *People v. Campbell,* No. 92-27461-FH, * 5 (Washtenaw County Circuit Court, March 30, 2006). The trial court judge noted that a witness' recantation of testimony is considered

6

suspect under Michigan law, particularly where that witness is in jail. *Id.* The court then made the following observation:

> "In the present case, the supposed affidavit merely confirms the abhorrence Michigan courts experience when they have to make determinations of new trials on the basis of recanting affidavits. Not only is the actual authenticity of the affidavit highly questionable, but it's [sic] content is suspicious too. Given the nature of the affidavit and the general court rule to view such recanting affidavits negatively, the court is not willing to grant defendant's motion for relief from judgment and is disinclined to hold an evidentiary hearing on the basis of such dubious evidence."
> *Campbell,* Slip. Op. at * 5.

The trial court judge then proceeded to indicate the reasons why she questioned the authenticity of the affidavit. First, the affidavit had not been notarized. Secondly, "its origins have not been credibly authenticated." Further, although the affidavit claims that Colsey waited thirteen years to tell the truth because he had been unable to contact petitioner until now, the court noted that petitioner had indicated in his brief that he had no contact with Colsey, nor had Colsey any contact with him. The court further noted that petitioner did not provide any evidence to substantiate any relationship that he had with Byrd or Downes, whom petitioner claimed could prove the authenticity of Colsey's affidavit. *Campbell,* Slip. Op. at * 6. Most importantly, the court found that Colsey's affidavit bore "an eerie resemblance to the previously-offered-and-rejected affidavit of Donald Carlton." The court noted that both affidavits ended with "the peculiar and misspelled phase: FURTHER DESPONDENT (sic) SAYETH NOT!" *Id.* (Capital letters original). The court further noted that both affidavits contained the "idiosyncratic placement of the dollar sign after the dollar amount." *Id.* The court concluded by stating: "When considering defendant's history of frequently offering questionable evidence, reason persuades the Court to doubt the veracity of defendant's current offering." *Id.*

7

Finally, the trial court noted that if Colsey was motivated by his conscience to recant his testimony, as the "affidavit" claimed, it seemed "rather incredible" that Colsey would wait thirteen years to do so simply because he was unable to contact petitioner. *Id.* at p. 7.

In addition, the Michigan Court of Appeals, in denying petitioner's appeal from the trial court's decision to deny petitioner post-conviction relief, noted that Colsey had seven felony convictions spanning more than 20 years. *People v. Campbell,* No. 274980 (Mich.Ct.App. January 11, 2007).

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); *Jones v. Smith,* 244 F. Supp. 2d 801, 808 (E.D. Mich. 2003); 28 U.S.C. § 2254(e)(1). A state court's factual determination that a prosecution witness' recantation and supporting affidavits is not credible is entitled to the presumption of correctness in a federal habeas proceeding. *See Richardson v. Lord,* 7 Fed.Appx. 1, 2 (2nd Cir. 2001).

In the present case, petitioner has failed to present any evidence to rebut the state trial court's factual findings that the recanting "affidavit" of Jimmy Lee Colsey was not credible, so as to support petitioner's prosecutorial misconduct claim or to entitle him to a new trial. Moreover, the state trial court's related legal conclusions in rejecting this suspect evidence was also legally sound.

A long-delayed affidavit like Colsey's which seeks to exonerate petitioner and shift the blame for the crime to another person are "treated with a fair degree of skepticism." *Herrera v. Collins,* 506 U.S. 390, 423 (1993). Recanting affidavits and

witnesses are likewise viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins,* 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). Furthermore, in determining whether a habeas petitioner has satisfied the miscarriage of justice standard so as to be permitted to file a successive habeas petition, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo,* 513 U.S. 298, 332 (1995).

There are a number of problems with Colsey's recanting "affidavit." First, the purported affidavit from Colsey is unsigned and is also unauthenticated. An unsworn affidavit from a recanting witness is of questionable validity. *See Cress v. Palmer,* 484 F. 3d 844, 855 (6th Cir. 2007)(rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness); *See also Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147-48 (6th Cir. 2007); *cert. den.* 128 S. Ct. 2441 (2008)(recanting witness' affidavit did not satisfy actual innocence standard to toll AEDPA's statute of limitations, no evidence was presented concerning authenticity of affidavit, motivation of affiant, circumstances of affidavit's execution, timing of its submission, or it consistency with other evidence in trial record).

Secondly, the purported affidavit does not offer any convincing explanation as to why Colsey waited thirteen years to recant his trial testimony, particularly when he claims to have been motivated to recant by a guilty conscience. *See Lewis v. Smith,* 110 Fed. Appx. 351, 355 (6th Cir. 2004)(proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial); *Olson v. United States*, 989 F.2d 229, 231 (7th Cir. 1993)(recantation more than four years after trial

testimony was dubious).

Moreover, Colsey allegedly signed this recanting affidavit only after he was incarcerated in prison on a new conviction. Jailhouse recantations usually lack any meaningful indicia of reliability and are "properly regarded as 'highly suspicious.'" *U.S. v. Connolly,* 504 F.3d 206, 215 (1st Cir. 2007); *cert.den.* 128 S. Ct. 1689 (2008)(internal quotation omitted). Furthermore, it is highly suspicious that Colsey's alleged recantation came years after he had received the benefit from testifying against petitioner and had nothing to lose by recanting. *See Tirado v. Senkowski,* 367 F. Supp. 2d 477, 489 (W.D.N.Y. 2005).

In addition, this is not petitioner's first attempt to present the evidence to suggest that it was Donald Carlton, and not him, who sold the drugs to Colsey. Petitioner presented a purported affidavit from Donald Carlton in his first petition for writ of habeas corpus, in which Carlton claimed to be the actual drug dealer. This claim was rejected by the federal courts in petitioner's first habeas petition. *See Campbell v. Berghuis,* 79 Fed. Appx. at 127. A defendant's burden of obtaining a new trial based on the recantation of a witness is "heavy to begin with, [and] grows heavier each time the recantation is repudiated and a new one substituted." *U.S. v. Brown*, 417 F. Supp. 340, 343 (E.D. Pa. 1976).

Lastly, Colsey's affidavit does not even relieve petitioner of criminal liability, even if it is to be believed. As respondent correctly notes in their answer, petitioner was the target of the undercover drug sting. The police witnesses from petitioner's trial established that petitioner and Carlton arrived together in the car. Colsey got into the car with petitioner and Carlton and drove around the block, where he purchased the

drugs. Under these facts, even if Carlton handed the cocaine to Colsey, as Colsey's "affidavit" suggests, petitioner could still have been found guilty of delivering cocaine as an aider and abettor. Because the evidence in this case would have established at a minimum that petitioner aided and abetted in the delivery of cocaine, he is unable to show that he is entitled to file a second or successive habeas petition pursuant to § 2244(b), because petitioner has failed to show that no reasonable factfinder would find him guilty of the delivery of cocaine charge. *See U.S. v. Villa-Gonzalez,* 208 F. 3d 1160, 1165 (9th Cir. 2000).

This Court will therefore dismiss petitioner's habeas petition pursuant to 28 U.S.C. § 2244(b)(4), because his prosecutorial misconduct claim fails to satisfy the requirements for filing a second or successive habeas petition, in that he he has failed to offer clear and convincing evidence, as required by § 2244(b)(ii), that no reasonable factfinder would find him guilty of delivery of cocaine. [2]

Petitioner has also filed a motion to amend his petition, in which he asks this Court to address sixteen claims from his first petition that he claims were never adjudicated on the merits, because the district court procedurally defaulted these claims.

The Court will deny petitioner's motion to amend the petition to add these claims. U.S.C. § 2244(b)(1) states that a claim presented in a second or successive habeas

---

[2] Petitioner raised several other claims in his petition, but the Court will not address these claims because the Sixth Circuit denied petitioner permission to proceed on these claims in his second petition. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001). Because the Sixth Circuit declined to grant petitioner permission to proceed with his other claims in his second petition, this Court is without the power to entertain such claims.

corpus application under § 2254 that was presented in a prior application must be dismissed. *Taylor v. Cain,* 533 U.S. at 661; *In Re Siggers*, 132 F. 3d 333, 336 (6th Cir. 1997).

In the present case, petitioner indicates that the merits of these sixteen claims were never ruled upon, because Judge Duggan denied petitioner habeas relief on these claims on the ground that these claims were procedurally defaulted. Because these claims from petitioner's first § 2254 application were dismissed for unexcused procedural default, this would be considered a ruling on the merits, for the purpose of § 2244(b). *See In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000). Accordingly, the Court will deny petitioner's request to amend his petition for writ of habeas corpus to readjudicate these claims.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). Therefore, a district court has the power to deny a certificate of appealability *sua sponte. See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender,* 187 F. Supp. 2d at 880. In particular, jurists of reason would not find debatable this Court's dismissal of petitioner's successive habeas petition. *See Phillips v. Quarterman,* 227 Fed.Appx. 347, 348 (5th Cir. 2007); *cert. den.* 128 S. Ct. 266 (2007). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus [Court Dkts. ## 1 and 10] is **DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 2244(b)(4).**

**IT IS FURTHER ORDERED** that the motion to amend the habeas petition [Court Dkt. # 27] is **DENIED**.

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager